## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                             Case No.: 8:17-cr-97-WFJ-TGW

LUIS ALFREDO PARRALES
BRAVO

_____/

## ORDER

Citing Amendment 821 to the United States Sentencing Guidelines, Luis
Alfredo Parrales Bravo, USM#: 68439-018, moves (Dkt. 155) unopposed for a
reduction in sentence.  Amendment 821, Part B, amends Section 4C1.1, United
States Sentencing Guidelines, to permit a two-level decrease to a defendant's
offense level if a defendant satisfies the criteria in Section 4C1.1(a), including the
absence of a criminal history point under Chapter 4.

Under 18 U.S.C. § 3582(c)(2), an incarcerated defendant's prison sentence
might warrant a retroactive reduction if the advisory sentencing range on which the
defendant's sentence was based "has subsequently been lowered by the Sentencing
Commission . . . [and] if such a reduction is consistent with applicable policy
statements issued by the Sentencing Commission."  Under 28 U.S.C. § 994(u), if
the Sentencing Commission lowers the advisory sentencing range for a "particular
offense or category of offense," the Sentencing Commission must "specify in what

circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced." Section 1B1.10, United States Sentencing Guidelines, expressly permits a retroactive reduction for an incarcerated defendant to whom Amendment 821 applies, but any reduction cannot decrease a sentence below the time that the defendant "has already served."

Accordingly, because Amendment 821 lowers the advisory sentencing range for a defendant without, among other things, a criminal history point, Section 3582, Section 994(u), and Section 1B1.10 permit a reduction in an incarcerated defendant's prison term if at sentencing the defendant had no criminal history points, if the offense of conviction satisfies the criteria in Section 4C1.1(a), and if a reduction is consistent with 18 U.S.C. § 3553(a).

On August 17, 2017, Luis Alfredo Parrales Bravo was sentenced under 46 U.S.C. §§ 70503, 70506(a)(b) and 21 U.S.C. § 960(b)(1)(B)(ii) to a 135-month prison term for one count of conspiracy to possess with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States and another count of possession with intent to distribute same. Mr. Parrales Bravo's total offense level was 33, after it was decreased three levels for acceptance of responsibility. He was assessed no criminal history points, and his criminal history was category I. Mr. Parrales Bravo's advisory sentencing range was 135 to 168 months, and he received a sentence at the bottom of the

advisory range.  Defendant's sentence was subject to a 120-month mandatory minimum prison term.  The Bureau of Prisons online locator shows that his projected release is December 17, 2026.

In accord with the Middle District of Florida's administrative order (Dkt. 115 in 3:21-mc-1-TJC) implementing Amendment 821, the United States Probation Office must submit a memorandum (1) that states whether a movant is eligible for a sentence reduction under Amendment 821 and (2) if the movant is eligible, that proposes a new advisory sentencing range based on the decrease authorized by Amendment 821.  USPO submits a memorandum reporting that Luis Alfredo Parrales Bravo is eligible for a sentence reduction and that a two-level decrease based on Amendment 821 reduces the offense level to 31 and reduces his advisory sentencing range to 108 to 135.

The Federal Defender appears, confirms Mr. Parrales Bravo's eligibility for a reduction, and moves unopposed to reduce his sentence to 120 months (a 15-month reduction in sentence), mindful of the mandatory minimum.  Counsel urges consideration of Defendant's post-sentencing conduct, and the lack of danger posed to the community.  *See* U.S.S.G. §1B1.10, comment. (n.1(B)(ii, iii)).  While incarcerated, Defendant has completed almost 575 hours of educational credit and committed only one disciplinary infraction (possessing a hazardous tool).

The Court's discretion is guided by the sentencing factors in 18 U.S.C. § 3553(a) and the Court finds the factors militate against a reduction. As the Eleventh Circuit noted in denying Mr. Parrales Bravo's appeal of his sentence, the offense involved a massive drug venture to smuggle in excess of five kilograms in multiple bales of cocaine. Dkt. 112 at 3–4. The U.S. Coast Guard intercepted the vessel in international waters off the coast of the Galapagos Islands and recovered 1,100 kilograms from the vessel. *Id*. at 2–4. Mr. Parrales Bravo received a bottom-end guideline sentence after a safety valve reduction, as well as a three-point reduction for acceptance of responsibility.

All four defendants pleaded guilty, but none identified as the master of the vessel. *Id*. at 4. In denying his request for a downward variance, the sentencing Court stressed that co-defendants Barrajas and Quintero Bravo received lower sentences (120 months) because of their cooperation with the government. Mr. Parrales Bravo did not a sign a plea agreement in which he agreed to cooperate. Mr. Parrales Bravo, like his co-defendant Mr. Cortes, more appropriately received a 135-month sentence. *Id*. at 4–5.

The present sentence best accounts for "the seriousness of the offense." 18 U.S.C. § 3553(a)(2)(A). A reduction would not "promote respect for the law." *See id*. at (2)(A). The sentences courts impose (and the sentences courts reduce) have an effect upon deterrence (see *id*. at (2)(B)) and deterrence would be impaired by

4

this proposed reduction.  As to posing a danger to any person or the community,

Mr. Parrales Bravo's disciplinary sanction while in prison, Dkt. 150 at 3, does not

aid his motion.  Lastly, Defendant will most likely be deported to Ecuador.

Mr. Luis Alfredo Parrales Bravo's motion for reduction in sentence (Dkt.

155) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida on June 23, 2025.

**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**